# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| TODD JAMES LUH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-6088-CV-SJ-HFS-P |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING SUMMARY JUDGMENT

This is a pro se 42 U.S.C. § 1983 civil rights complaint. Plaintiff is a patient at the Northwest Missouri Psychiatric Rehabilitation Center (the "NMPRC"), in St. Joseph, Missouri. There are four remaining defendants in this action: NMPRC Nurse Brigette Rose, NMPRC Nurse Corey Farnsworth, NMPRC Psychiatric Aid Tyler Chavez, and NMPRC Security Guard Jason Workman. Plaintiff alleges his federally protected rights were violated when a fellow patient posed a threat to his safety, and thereafter beat him, while defendants stood by and watched.

Now pending before the Court are two summary judgment motions - one filed by defendant Chavez, (Doc. No. 73), and the other by defendants Rose, Farnsworth and Workman (Doc. No. 66). Plaintiff has filed suggestions (Doc. No. 70) in opposition to defendant's motions, and defendants have filed a reply (Doc. No. 74). Plaintiff also has filed two sur-replies. (Doc. Nos. 78 & 79).

Plaintiff apparently was beaten by a fellow patient while at the NMPRC. He alleges that the defendants were aware of the danger posed by this fellow patient, but failed to protect him from this known danger. Plaintiff alleges that the defendants told him to "compromise" with this patient even though they knew such a compromise would not ease the tensions between the two. (Doc. No. 7, pg. 12). As a result, plaintiff alleges that when the patient returned from getting a snack, he "jump[ed]

on me, beat me and [broke] my ribs, thinking it was OK to assault me any way he wished." (Doc. No. 7, pg. 13). Plaintiff further claims that while he was being beaten, at least one of the defendants, Jason Workman, "sat and watched," taking no action to help plaintiff. (Doc. No. 7, pg. 16).

Nowhere in his complaint or amended complaint does plaintiff state whether he has sued defendants in their official capacities, individual capacities, or both. (See Doc. Nos. 1, 7).

Defendants maintain that plaintiff's claims are barred by the doctrine of qualified immunity, because there was no known, substantial risk of harm to plaintiff before the attack commenced. Defendants further assert that because plaintiff is deemed to have sued them in their official capacities, his claims are barred by the Eleventh Amendment. (See Doc. Nos. 66, 73).

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c), a moving party is entitled to summary judgment on a claim only if he has made a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally William v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). In applying this standard, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). "The inquiry performed is . . . [whether] . . . there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A party opposing a motion for summary judgment, however, "may not rest upon the mere allegations . . . of [his pleadings], but . . . by affidavits . . .

must set forth specific facts showing that there is a genuine issue for trial. If [he] does not so respond, summary judgment, if appropriate, shall be entered against [him]." Fed. R. Civ. P. 56(e).

**ELEVENTH AMENDMENT**

Defendants claim they are entitled to summary judgment because plaintiff did not expressly name them in their individual capacities, and any official capacity claims against them are barred by the Eleventh Amendment.

The Eleventh Amendment bars claims for damages against state officials acting in their official capacities. Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (citing Will v. Michigan Dep't of Police, 491 U.S. 58 (1989)). Additionally, "a plaintiff who wishes to sue a state official in his personal capacity must so specify in her complaint." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). "If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." Egerdahl, 72 F.3d at 619.

Defendants are correct that plaintiff failed to specify in his complaint or amended complaint the capacity in which he was suing them. (See Doc. Nos. 1, 7). Therefore, defendants are presumed to have been sued in their official capacity. Consequently, monetary relief against defendants is barred by the Eleventh Amendment.

However, although the Eleventh Amendment bars suits 'seeking to impose a liability which must be paid from public funds in the state treasury, . . . courts may order injunctions to prevent or remedy a state officer's conduct . . . Courts may also award a wide range of prospective relief which serves to bring an end to a present violation of federal law . . . even though accompanied by a substantial ancillary effect on the state treasury. Larson v. Kempker, 414 F.3d 936 (8th Cir. 2005).

In this case, plaintiff is seeking both monetary and injunctive relief. Therefore, defendants are entitled to Eleventh Amendment immunity only as to plaintiff's claims for monetary relief. Nevertheless, plaintiff's prayer for injunctive relief will be severed and dismissed because the only parties remaining in this case, and therefore the only parties over whom the Court has jurisdiction to enter such injunctive relief, are two nurses, a psychiatric aid, and a security guard. Even if the Court were to enter the injunctions plaintiff seeks - - to "stop the forced medication" and to "order [plaintiff's] transfer to [the] St. Louis facility" - - none of these defendants would have the authority to take the necessary steps to comply with the Court's Order. Consequently, plaintiff's prayer for injunctive relief will be denied as well.

## SUMMARY

There is no genuine issue as to any material fact in this case. Plaintiff's claims for monetary damages against defendants are deemed to be in their official capacities only and, as such, are barred by the Eleventh Amendment to the United States Constitution. Further, his claims for injunctive relief will be denied as unenforceable. Viewing the evidence in the light most favorable to plaintiff, and giving him the benefit of all inferences that may be reasonably drawn from the evidence, it appears that he would be unable to prove any set of facts in support of his claim against defendants that would entitle him to relief.

Consequently, defendants' motions for summary judgment treated as motions to dismiss, will be granted, but without prejudice to the filing of a two page limited issue amendment to the complaint, if plaintiff wishes to proceed against the named defendants in their <u>individual</u> capacities. If so, he must say so by amendment to the complaint.

The <u>Egerdahl</u> ruling, at page 620, notes the obligation to exercise discretion before

foreclosing litigation on a technical point of pleading. Where the plaintiff is proceeding pro se, and particularly when confined to a mental institution, every reasonable effort should be made to assure an adequately informed litigant. If plaintiff amends to assert a claim against the remaining defendants as individuals, further consideration will be given to the substantive issues presented by defendants in their earlier motions.

It is therefore ORDERED that the motions for summary judgment (Doc. Nos. 66 and 73) are GRANTED, but leave is granted plaintiff to amend his complaint within 20 days, stating that he wishes to proceed against defendants <u>as</u> <u>individuals</u>. Such an amendment shall be limited to two pages. Plaintiff may not amend generally, on subjects precluded by prior rulings.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September  23 , 2010

Kansas City, Missouri